**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 04-1860**

―――――――――――

KON TJONG PHANG,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

―――――――――――

On Petition for Review of an Order of the Board of Immigration
Appeals. (A79-494-299)

―――――――――――

Submitted: February 16, 2005        Decided:  March 8, 2005

―――――――――――

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

―――――――――――

Petition denied by unpublished per curiam opinion.

―――――――――――

Ivan Yacub, YACUB LAW OFFICES, Falls Church, Virginia, for
Petitioner. Peter D. Keisler, Assistant Attorney General, M.
Jocelyn Lopez Wright, Assistant Director, Hill B. Wellford, III,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Kon Tjong Phang, a native and citizen of Indonesia, petitions for review of an order of the Board of Immigration Appeals affirming, without opinion, the immigration judge's order denying his applications for asylum and withholding of removal.

In his petition for review, Phang challenges the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Phang fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that he seeks.

Additionally, we uphold the immigration judge's denial of Phang's request for withholding of removal. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Phang fails to show that he is eligible for asylum, he cannot meet the higher standard for withholding of removal.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED